UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Joshua R. Thompson,

    *Plaintiff,*

    v.

Sheboygan County, Kevin Armstrong,
John Doe, & Village of Saukville,

    *Defendants.*

Case No: 2:26-cv-219

---

# COMPLAINT

Plaintiff Joshua R. Thompson, by his lawyers, Strang Bradley, LLC, for his complaint against Defendants, states:

## INTRODUCTION

1. On October 19, 2025, Plaintiff Joshua R. Thompson was standing outside the Belgium Inn and Suites, where he both lives and works.

2. He saw police officers gather a few hundred feet away, across a large field next to the Belgium Inn and Suites.

3. One of the officers, Defendant Sheboygan County Sheriff's Deputy Kevin Armstrong, yelled from a distance to ask Thompson whether he had seen someone flee through the area. Thompson answered that he had not.

4. Thompson moved closer for a better look and started recording with his phone.

5. Despite still being about 100 feet away, Defendant Armstrong demanded that Thompson return to the Belgium Inn and Suites.

6. Thompson stopped in his tracks, about 100 feet from Armstrong and other officers, and continued recording.

7. Defendant Armstrong walked toward Thompson, demanded that he put his hands behind his back, and forcibly handcuffed him.

8. Defendant Armstrong forced Thompson to the ground to complete handcuffing him.

9. Rather than intervene to stop Defendant Armstrong, Defendant Village of Saukville Police Officer John Doe helped physically restrain Thompson by placing his knee on Thompson's back. Defendant Doe also helped to lock Defendant Armstrong's handcuffs.

**JURISDICTION AND VENUE**

10. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

11. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

12. Venue is proper under 28 U.S.C. § 1391(b). Defendant Sheboygan County and Village of Saukville are political subdivisions of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

13. Plaintiff Joshua R. Thompson is a resident of the State of Wisconsin.

14. Defendant Sheboygan County is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Kevin Armstrong at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

15. Defendant Village of Saukville is a political subdivision of the State of Wisconsin and was the employer of individual Defendant John Doe at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

16. Kevin Armstrong was, at the time of this occurrence, a deputy for the Sheboygan County Sheriff's Department.

17. At all times that Defendant Armstrong interacted with Plaintiff on October 19, 2025, Armstrong was acting under color of state and local law.

18. At all times that Defendant Armstrong interacted with Plaintiff on October 19, 2025, Armstrong was acting within the scope of his employment with the Sheboygan County Sheriff's Department.

19. Defendant Armstrong is sued in his individual capacity.

20. Defendant John Doe was, at the time of this occurrence, employed as a police officer for the Village of Saukville Police Department.

21. At all times that Defendant Doe interacted with Plaintiff on October 19, 2025, Doe was acting under color of state and local law.

22. At all times that Defendant Doe interacted with Plaintiff on October 19, 2025, Doe was acting within the scope of his employment with the Village of Saukville Police Department.

23. Defendant Doe is sued in his individual capacity.

## FACTS

24. On October 19, 2025, Defendants Armstrong and Doe violated Plaintiff Thompson's rights by unlawfully seizing him in retaliation for exercising his constitutional rights.

25. In October 2025, Plaintiff Thompson lived and worked at the Belgium Inn and Suites at 120 Lakeview Dr, Belgium, WI 53004.

26. On October 19, 2025, two teenagers fled law enforcement southbound on Interstate 43 through Sheboygan County and into Ozaukee County. Eventually, the car they were driving crashed into a swamp next to Interstate 43, and law enforcement believed the two teenagers fled on foot.

27. Defendant Armstrong arrived and was told to simply wait at the southwestern edge of a large field. The crashed car was on the eastern side of the field, approximately 200 yards away.

28. When Deputy Armstrong arrived, Plaintiff Thompson was standing near a picnic table at the Belgium Inn and Suites, his residence and place of employ.

29. The Belgium Inn and Suites sits along the northern edge of the field, approximately 75 yards from where Armstrong was waiting.

30. Deputy Armstrong yelled to Plaintiff Thompson, "I'd go inside." Minutes later, Armstrong yelled to ask, "Did you see anybody run?" Plaintiff Thompson answered that he did not, and that he had been outside observing the field for 10 minutes.

31. A few minutes later, Defendant Doe arrived with a drone and began to set it up.

32. Plaintiff Thompson, curious, began to walk southbound into the field to see what the officers were doing. As he walked, Defendant Armstrong told him to head back toward the building, yelling, "You're gonna go to jail if you don't get over there," and "Walk over there to the door, you're obstructing."

33. After Deputy Armstrong's claim that he was obstructing, Plaintiff Thompson stopped walking into the field. He stopped approximately 100 feet from Defendant Armstrong and Defendant Doe and around 150 yards from the crashed automobile.

34. Defendant Armstrong walked toward Plaintiff Thompson after radioing to fellow officers that he "ha[d] one obstructing and might have to take him into custody" despite Plaintiff Thompson being clear of all law enforcement activity by over 100 feet.

35. As he walked toward Plaintiff Thompson, Defendant Armstrong continued to threaten Thompson with jail.

36. Plaintiff Thompson remained stationary with one hand in the air, holding his phone in the air, recording Defendant Armstrong approaching. Thompson repeatedly said to Armstrong that he was out of the way.

37. When Defendant Armstrong stood directly in front of Plaintiff Thompson, Thompson began to slowly walk backward toward the Belgium Inn and Suites, but continued to film Defendant Armstrong, ask for his name and badge number, and reiterate to Armstrong that he was out of the way of all law enforcement operations.

38. Even though Thompson was walking backward as Armstrong had initially told him to do, Armstrong told Thompson to put his hands behind his back.

39. By this point, Defendant Armstrong had seized Thompson.

40. Armstrong did not have reasonable suspicion to believe Thompson was engaged in criminal activity.

41. Defendant Armstrong then grabbed Thompson's arm, twisted it behind his back, and in the process pushed Thompson to the ground.

42. While on the ground, Defendant Armstrong radioed to fellow officers that Thompson was "fighting" and told Thompson to "stop resisting."

43. Thompson was not fighting.

44. Thompson was not resisting.

45. Defendant Armstrong handcuffed Thompson with the help of Defendant Doe.

46. While Defendant Armstrong handcuffed Thompson, Defendant Doe held Thompson down by placing his knee on Thompson's back and assisted in locking the handcuffs.

47. By this point, Thompson was under arrest.

48. Armstrong did not have an arrest warrant or probable cause to believe that Thompson had committed a crime.

49. At the time Armstrong arrested Thompson, Defendant Doe knew Armstrong did not have an arrest warrant or probable cause to believe that Thompson had committed a crime; however, he joined Armstrong in his physical restraint of Thompson.

50. As a direct and proximate result of the acts of Defendant Armstrong and Defendant Doe, as detailed above, Plaintiff suffered, *inter alia*, body injury, pain, suffering, mental distress, humiliation, loss of liberty, and loss of reputation.

## COUNT I:
## 42 U.S.C. § 1983 Claim for Unlawful Seizure
## and Failure to Intervene

51. Plaintiff realleges the above paragraphs.

52. Defendant Armstrong seized Plaintiff Thompson without reasonable suspicion that Plaintiff had committed or was about to commit a crime.

53. Defendant Doe knew that Defendant Armstrong seized Plaintiff without reasonable suspicion.

54. Defendant Doe failed to either intervene in a constitutional violation that he knew was happening before him and that he could have stopped or directly participated in the constitutional violation.

55. Defendants Armstrong and Doe acted under color of state and local law.

56. Defendants Armstrong and Doe thus violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure and are thus liable under 42 U.S.C. § 1983.

57. As a direct and proximate result of Defendant Armstrong and Doe's unlawful actions, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Armstrong and Doe and, because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

### COUNT II:
### 42 U.S.C. § 1983 Claim for Unlawful Arrest
### and Failure to Intervene

58. Plaintiff realleges the above paragraphs.

59. Deputy Armstrong elevated the seizure to an arrest of Plaintiff when he placed Plaintiff in handcuffs and forced him to the ground.

60. At the time Defendant Armstrong arrested Plaintiff, he did so without probable cause that Plaintiff had committed a crime, without a warrant, and without any other lawful justification.

61. Defendant Doe knew that Defendant Armstrong lacked probable cause, a warrant, or any other legal justification to arrest Plaintiff.

62. Defendant Doe either failed to intervene in a constitutional violation that he knew was happening before him and that he could have stopped or directly participated in the constitutional violation.

63. Defendants Armstrong and Doe acted under color of state and local law.

64. Defendants Armstrong and Doe thus violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure and are thus liable under 42 U.S.C. § 1983.

65. The aforementioned actions of Defendants Armstrong and Doe were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Armstrong and Doe and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

### COUNT III:
### 42 U.S.C. § 1983 Retaliation Claim
### and Failure to Intervene

66. Plaintiff realleges the above paragraphs.

67. Defendant Armstrong, under color of law, retaliated against Plaintiff by unlawfully seizing him.

68. Defendant Armstrong retaliated against Plaintiff because he exercised his First, Fourth, and Fourteenth Amendment rights.

69. Defendant Doe knew that Defendant Armstrong's seizure of Plaintiff was unlawful and that Plaintiff's filming of law enforcement was protected by the First Amendment.

70. Defendant Doe failed to intervene in a constitutional violation that he knew was happening before him and that he could have stopped.

71. The aforementioned actions of Defendants Armstrong and Doe were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, under 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Armstrong and Doe; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action; attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT IV:
### Indemnification Claim Against Sheboygan County

72. Plaintiff realleges the above paragraphs.

73. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

74. At all times relevant to this action, Defendant Armstrong was engaged in the conduct complained of while he was on duty and in the course and scope of his employment with Sheboygan County.

WHEREFORE, Plaintiff asks this Court to find that Sheboygan County is liable to defend this action against Defendant Armstrong and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## COUNT V:
## Indemnification Claim Against Village of Saukville

75. Plaintiff realleges the above paragraphs.

76. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

77. At all times relevant to this action, Defendant Doe was engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the Village of Saukville.

WHEREFORE, Plaintiff asks this Court to find that the Village of Saukville is liable to defend this action against Defendant Doe and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 10 February 2026,

/s/ Jacob A. Idlas
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob A. Idlas

    Wisconsin Bar No. 1078457
S<small>TRANG</small> B<small>RADLEY</small>, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jack@StrangBradley.com

Counsel for Plaintiff